IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN HEDEMARK,

    Petitioner,                     No. 2:10-cv-1161 JAM JFM (HC)

    vs.

G. SWARTHOUT, Warden,

    Respondent.                  FINDINGS & RECOMMENDATIONS

                                /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his federal constitutional right to due process was violated by a 2008 decision of the California Board of Parole Hearings ("the Board") to deny him a parole date.

                          FACTUAL AND PROCEDURAL BACKGROUND

        In 1992, petitioner was convicted of kidnaping and robbery, and was sentenced to a term of seven years to life plus eleven years. See Pet. at 3. On May 7, 2008, petitioner appeared before the Board for a parole consideration hearing. See Ans., Ex. 1 at Ex. A. Petitioner appeared at and participated in the hearing. See id. Following deliberations held at the conclusion of the hearing, the Board announced their decision to deny petitioner parole and the reasons for that decision. Id. at 82.

        This action was filed on April 7, 2010. Respondent filed an answer on August 18, 2010. Petitioner filed a traverse on September 7, 2010.

ANALYSIS

I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal

1  habeas court independently reviews the record to determine whether habeas corpus relief is
2  available under section 2254(d). <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000).
3  II. <u>Petitioner's Claim</u>

4  As noted above, petitioner claims that the denial of parole violated his federal
5  constitutional right to due process of law. The Due Process Clause of the Fourteenth
6  Amendment prohibits state action that deprives a person of life, liberty, or property without due
7  process of law. A litigant alleging a due process violation must first demonstrate that he was
8  deprived of a liberty or property interest protected by the Due Process Clause and then show that
9  the procedures attendant upon the deprivation were not constitutionally sufficient. <u>Kentucky
10 Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 459-60 (1989).

11 A protected liberty interest may arise from either the Due Process Clause of the
12 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
13 expectation or interest created by state laws or policies." <u>Wilkinson v. Austin</u>, 545 U.S. 209,
14 221 (2005) (citations omitted). <u>See</u> also <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987).
15 The United States Constitution does not, of its own force, create a protected liberty interest in a
16 parole date, even one that has been set. <u>Jago v. Van Curen</u>, 454 U.S. 14, 17-21 (1981);
17 <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no constitutional or
18 inherent right of a convicted person to be conditionally released before the expiration of a valid
19 sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a
20 presumption that parole release will be granted' when or unless certain designated findings are
21 made, and thereby gives rise to a constitutional liberty interest." <u>Greenholtz</u>, 442 U.S. at 12.
22 <u>See</u> also <u>Allen</u>, 482 U.S. at 376-78.

23 California's parole statutes give rise to a liberty interest in parole protected by the
24 federal due process clause. <u>Swarthout v. Cooke</u>, 562 U.S. ___ (2011), No. 10-333, 2011 WL
25 197627, at *2 (Jan. 24, 2011). In California, a prisoner is entitled to release on parole unless
26 there is "some evidence" of his or her current dangerousness. <u>In re Lawrence</u>, 44 Cal.4th 1181,
   1205-06, 1210 (2008); <u>In re Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002). However, in

<u>Swarthout</u> the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." <u>Swarthout</u>, 2011 WL 197627, at *3.  Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in <u>Greenholtz</u>, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." <u>Id</u>. at *2-3.

Here, the record reflects that petitioner was present at the 2008 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole.  According to the United States Supreme Court, the federal due process clause requires no more.  Accordingly, petitioner's application for a writ of habeas corpus should be denied.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability should issue.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be denied; and

2. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
3  objections shall be filed and served within fourteen days after service of the objections.  The
4  parties are advised that failure to file objections within the specified time may waive the right to
5  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: January 31, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;hede1161.157